UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEANA MARIE CHAPDELAINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-cv-30081-KAR |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT'S
MOTION FOR JUDGMENT AFFIRMING THE COMMISSIONER'S DECISION
(Docket Nos. 12, 17)

ROBERTSON, U.S.M.J.

Leana Marie Chapdelaine ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g) for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") benefits. Plaintiff contends that the Commissioner's decision denying her such benefits, memorialized in a February 5, 2013 decision of an administrative law judge ("ALJ"), is in error. She has filed a motion for judgment on the pleadings seeking to remand the decision, while the Commissioner has moved to affirm.

The parties have consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the reasons that follow, the court will allow Plaintiff's motion for remand and will deny the Commissioner's motion to affirm.

I.  DISCUSSION

The parties are well aware of the factual and procedural history of this case, the standard of review, and the applicable five-step sequential analysis.  Plaintiff advances two arguments challenging the ALJ's decision.  First, she asserts that the ALJ improperly ignored certain evidence and, as a result, failed to consider additional mental limitations with respect to her residual functional capacity ("RFC").[1]  Second, Plaintiff contends that the ALJ erred when he rejected the disability decision of the Department of Veterans Affairs for purposes of assessing her RFC.  The court will address these arguments in reverse order because resolution of the second depends, in part, on the court's resolution of the first.

A.  Department of Veterans Affairs Disability Decision

Plaintiff argues that the ALJ erred when he improperly rejected the Department of Veterans Affairs ("VA") decision that found her disabled.  The Commissioner's regulations provide that, "a disability . . . determination [must be] based on social security law.  Therefore, a determination made by another agency that [a plaintiff is] disabled . . . is not binding." 20 C.F.R. §§ 404.1504, 416.904.   Indeed, the Commissioner is solely responsible for making the final decision as to whether an individual is disabled for purposes of social security benefits.  20 C.F.R. §§ 404.1527(e), 416.927(e).

That being said, evaluation of "all the evidence in the case record that may have a bearing on [the Commissioner's] determination or decision of disability, including decisions by other governmental and nongovernmental agencies" is "required." Social Security Ruling ("SSR") 06–

---

[1] The ALJ found that Plaintiff had severe impairments of post-traumatic stress disorder ("PTSD"), affective disorder, and panic disorder without agoraphobia. (A.R. 16.) Taking into account those impairments, the ALJ assessed Plaintiff as having the RFC to perform "a full range of work at all exertional [sic] levels" but "limited to work consisting of simple, routine tasks and unskilled tasks, with simple work-related decisions with few workplace changes" and "occasional interaction with the general public, coworkers, and supervisors." (A.R. 18.)

03P, 2006 WL 2329939, *6 (Aug. 9, 2006). "[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." *Id.* ("We will evaluate the opinion evidence from medical sources, as well as 'non-medical sources' who have had contact with the individual in their professional capacity, used by other agencies, that are in [the] case record, in accordance with 20 CFR 404.1527, 416.927, Social Security Rulings 96-2p and 95-5p, and the applicable factors listed [] in the section 'Factors for Weighing Opinion Evidence.'"). While the relevance of a determination of disability made by another agency may be limited, "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases." *Id*.

Here, the ALJ stated only that he did "not accept the VA decision of disabled, as such program does not have the same criteria as that of the Social Security Administration." (A.R. 21.) This statement is insufficient to explain the ALJ's consideration - and ultimate rejection - of the VA disability decision. Although the ALJ did refer in his RFC analysis to some of the evidence underlying the VA finding of disability, including notations from the assessment conducted by psychologist Emily Britton, Psy.D. ("Ms. Britton") at the Veterans Affairs Medical Center ("VAMC"), the only evidence he cited appears to contravene Plaintiff's claim of disability, yet the VA found this and other evidence from the VAMC sufficient to deem Plaintiff seventy percent disabled for a certain period of time. Even more, it is unclear from the decision what weight, if any, he gave to Ms. Britton's opinion or to the opinions of other medical sources from the VAMC. Thus, while "merely ignoring an administrative conclusion [may not be] error *per se*," in this case, "it is more troubling [where] relevant evidence of disability [that] form[ed] the basis of the [VA] finding is in the record and [was seemingly] ignored." *Dube v. Astrue*, 781

3

F. Supp. 2d 27, 37 n.16 (D.N.H. 2011) (citing *Bickford v. Barnhart*, 242 F. Supp. 2d 39, 42 (D. Me. 2002) (error to ignore medical evidence in VA records)).

Plaintiff further contends that the ALJ erroneously determined that Ms. Britton was not a medically appropriate source for purposes of providing a global assessment of function ("GAF") score. Specifically, Plaintiff cites to the ALJ's statement that, "the GAF of 42, as assessed in the report, does not appear to come from a medically appropriate source as required per Social Security regulations." (A.R. 20.) The ALJ also stated that, "[a]lthough the [Plaintiff] was assessed a GAF of 45, it was by Emily Britton, Psy.D., a non-psychiatrist." (A.R. 21.) This is not an appropriate basis for failing to give controlling weight to or discrediting Ms. Britton's opinion. A licensed or certified psychologist is considered an "acceptable medical source." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Acceptable medical sources" provide medical opinions that are "always consider[ed]," 20 C.F.R. §§ 404.1527(b), 416.927(b), and such opinions, when not accorded controlling weight, are to be considered in light of the factors listed in sections 404.1527(c)(1)-(6) and 416.927(c)(1)-(6). *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ erred in failing to treat Ms. Britton as an acceptable medical source and considering her opinion accordingly. For these reasons alone, remand would be warranted; however, the court will address Plaintiff's additional argument.

B. ALJ's Residual Functional Capacity Assessment

Plaintiff further argues that the ALJ improperly dismissed certain evidence, including evidence from her treating sources, which supports an RFC assessment of her mental abilities that is more limited than the ALJ's assessment. Specifically, Plaintiff asserts that the ALJ disregarded: (1) records from the VAMC, dated March 5, 2009, through January 14, 2011; (2) a

progress note from Meredith McCarran, Ph.D.;[2] (3) the VA disability decision; and (4) a mental residual functional capacity assessment by J. Litchman, Ph.D., a Disability Determination Services consultant.

An ALJ's written decision need not directly address every piece of evidence in the administrative record if it is cumulative of evidence previously discussed by the ALJ or if it fails to support the claimant's position. *Lord v. Apfel*, 114 F. Supp. 2d 3, 13 (D.N.H. 2000). "At the same time, the First Circuit and district courts in this circuit have held that an ALJ may not simply ignore relevant evidence, especially when that evidence supports a claimant's cause." *Id*. "While an ALJ, not the reviewing court, resolves conflicts in the evidence, an ALJ may not adopt one view of the evidence 'without addressing the underlying conflict.'" *Dube*, 781 F. Supp. 2d at 35 (quoting *Nguyen v. Callahan*, 997 F. Supp. 179, 182 (D. Mass. 1998)). "Moreover, a court must be able to determine whether the ALJ considered the contrary evidence and chose to discredit it, or whether it was 'simply ignored.'" *Dube*, 781 F. Supp. 2d at 35 (quoting *Lord*, 114 F. Supp. 2d at 14); *see Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) ("[W]e need from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.").

This requirement of transparency is reflected in the Commissioner's regulations as follows: An administrative law judge must give controlling weight to the opinion of a "treating source" when that opinion is well-supported by medically acceptable clinical and laboratory

---

[2] Although Plaintiff contends that the ALJ ignored an assessment by Cathy Foley of the Springfield Vet Center, no evidence of treatment with Ms. Foley is included in the record. Rather, the assessment to which Plaintiff refers is an October 20, 2011 progress note from Meredith McCarran, Ph.D., that was provided to Plaintiff's attorney by Ms. Foley.

5

diagnostic techniques and is consistent with substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see* SSR 06-03P, 2006 WL 2329939, *2 (Aug. 9, 2006) ("[O]nly 'acceptable medical sources' can be considered treating sources, as defined in 20 CFR 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight."). When an administrative law judge does not accord a treating source's opinion controlling weight, he or she must consider the length, nature and extent of the treatment relationship, the opinion's supportability and consistency with the record as a whole, the treating source's area of specialization, and any other relevant factors to determine the weight the opinion deserves. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). The administrative law judge must also provide "good reasons" for the weight ultimately assigned to the treating source opinion. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Moreover, an administrative law judge may not "ignore 'other medical sources' or fail to adequately explain the weight given to such evidence." *Taylor v. Astrue*, 899 F. Supp. 2d 83, 88 (D. Mass. 2012). Again, he or she "must adequately explain his treatment of the [other medical sources'] opinion so that a reviewer can determine if the decision is supported by substantial evidence." *Id.* at 88-89.

Here, as Plaintiff asserts, the ALJ improperly limited his RFC analysis to discussing evidence that supported his conclusion and ignored evidence, particularly from the VAMC, that appears to support Plaintiff's claim. S*ee Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("ALJ's findings of fact . . . are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts."). Indeed, after noting that he based his RFC determination primarily on state agency opinions, the ALJ went on to highlight certain evidence that, in his view, was in accordance with those opinions.[3] (A.R. 20.) "For a reviewing court to

---

[3] The ALJ also neglected to name the sources of the evidence he was discussing, further complicating the review process. (A.R. 20.)

6

be satisfied that an ALJ's decision was supported by substantial evidence," however, the "decision must take into account whatever in the record fairly detracts from its weight." *Lord*, 114 F. Supp. at 14. Here, the ALJ failed to explain his reasons for not crediting evidence that was inconsistent with his conclusion.

The ALJ also neglected to indicate what weight he assigned to the opinions of Plaintiff's treating and evaluating sources, including, for example, Ms. Britton from the VAMC. The ALJ stated that he relied "primarily on the state agency medical opinions" because they were "most consistent with the medical evidence of record and other evidence viewed as a whole," and he thus accorded them "significant weight." (A.R. 19, 21.) This is the sole mention of any valuation of evidence in the decision, and the ALJ failed to point to the inconsistencies in the record that would support such a statement.[4] In fact, as stated above, the record contained treating source opinions, like that of clinical psychologist Allen Bernhardt, Ph.D. from the VAMC, which would tend to support Plaintiff's claim of disability. The court is not permitted to guess at the weight the ALJ meant to accord to the medical sources of record, including the state agency sources. This does not mean that the record necessarily demands reversal of the ALJ's decision. Rather, remand for further explanation is appropriate, where, as here, the ALJ "[f]ail[ed] to provide an adequate basis for the reviewing court to determine whether the administrative decision is based on substantial evidence." *Crosby v. Heckler*, 638 F. Supp. 383, 385-386 (D. Mass. 1985).

---

[4] The ALJ did find that Plaintiff's "statements concerning the intensity, persistence and limiting effect of [her] symptoms [were] not entirely credible." (A.R. 19.) He also stated that Plaintiff's treatment is currently not "commensurate with her claims of disabling limitations of function." (Id.) Although the ALJ determines credibility, it is unclear from the decision how his credibility determination related to the consideration of, and, ultimately, what weight was accorded to, the various medical opinions of record. Moreover, the decision appears to address Plaintiff's impairments at the present time, as opposed to her impairments at her alleged onset date.

Finally, the First Circuit has explained that, "absent a residual functional capacity assessment from an *examining* psychiatrist, we do not think that [an] ALJ is equipped to conclude that [a Plaintiff's] condition [presents] no significant limitation on ability to work." *Rivera-Figueroa v. S.H.H.S.*, 858 F.2d 48, 52 (1st Cir. 1988); *see, e.g.*, *Rivera-Torres v. S.H.H.S.*, 837 F.2d 4, 7 (1st Cir. 1988); *Vigo Ramos v. Comm. of Soc. Sec. Admin.*, 241 F. Supp. 2d 139, 142 (D.P.R. 2003). Indeed, remand may be warranted where an RFC assessment is not performed by an examining physician. *See Heggarty v. Sullivan*, 947 F.2d 990, 997 n.1 (1st Cir. 1991). On March 30, 2011, J. Litchman, Ph.D., a state agency *reviewing* source, found Plaintiff capable of sustaining attention and concentration for two-hour time-spans in an eight-hour day for simple routines and able to sustain persistence and pace for eight hours per day, five days per week for simple routines. (A.R. 19, 350.) Dr. Litchman also found Plaintiff incapable of dealing with the general public but able to handle brief interactions with workers and bosses when needed, as well as capable of adjusting to minor changes in simple tasks. (A.R. 19, 350). The ALJ stated that he relied primarily on the state agency sources in making his RFC determination. (A.R. 19, 21.) Therefore, it appears that the ALJ's RFC assessment was based, at least in part, on a state agency *reviewing* source's determination rather than an *examining* source's determination. If so, this point must be addressed by the ALJ. Moreover, an administrative law judge may not insert his or her own opinion into such an assessment. *See Vigo Ramos*, 241 F. Supp. 2d at 142 (administrative law judge, as a lay fact finder, "lacks the expertise to make a medical conclusion").[5] Given all of the concerns discussed above, the court is unable to conduct a proper review and must remand the matter.

---

[5] The ALJ explained his reasoning for the RFC determination, as follows: "The limit to simple tasks accounts for possible distractions from the claimant's psychological symptoms, yet remains consistent with activities of daily living including caring for pets and attending Bible study. I find [Plaintiff] is limited to occasional interaction with the general public, coworkers, and supervisors, given her reports of

## II. CONCLUSION

For the reasons stated, Defendant's Motion for Order Affirming the Decision of the Commissioner is DENIED, and Plaintiff's Motion for Judgment on the Pleadings is GRANTED. It is further ordered that the matter be remanded for a new hearing.

It is So Ordered.

DATED: March 23, 2015

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

---

irritability and panic in crowds. I do note that [Plaintiff] was able to present herself in college and trade school classrooms and is able to attend church and Bible study; thus, I do not find she needs to be totally precluded from all public contact." (A.R. 21.)